**SLIP OP. 04-132**

UNITED STATES COURT OF INTERNATIONAL TRADE

_____
                                                :
CORUS STAAL BV,                                 :
                                                :
                        Plaintiff,              :
                                                :
        v.                                      :
                                                :
UNITED STATES,                                  :        Court No. 04-00316
                                                :
                        Defendant,              :
                                                :
        and                                     :
                                                :
UNITED STATES STEEL CORPORATION,                :
                                                :
                        Defendant-Intervenor.   :
                                                :
_____ :

[Plaintiff's Partial Consent Motion for Preliminary Injunction Granted.]

Dated:  October 19, 2004

        Steptoe & Johnson LLP (Richard O. Cunningham, Joel D. Kaufman, Alice A. Kipel and Troy H. Cribb) for plaintiff.

        Peter D. Keisler, Assistant Attorney General, David M. Cohen, Director, Jeanne E. Davidson, Deputy Director, Commercial Litigation Branch, Civil Division, United States Department of Justice (Claudia Burke), Barbara J. Tsai, Office of Chief Counsel for Import Administration, United States Department of Commerce, of counsel, for defendant.

        Skadden, Arps, Slate, Meagher & Flom LLP (John J. Mangan) for defendant-intervenor.

**MEMORANDUM OPINION**

**RESTANI, Chief Judge:**

        Before the court is a partially consented to motion for "preliminary injunction" under 19 U.S.C. § 1516a(c)(2) (2000) to stay liquidation of entries pending litigation in this unfair trade matter.  In fact, this statutory injunction is not an ordinary preliminary injunction but a

special injunction to prevent liquidation of entries until a final and conclusive judicial decision, as referenced in 19 U.S.C. § 1516a(e), is reached.  Such a decision does not occur until all avenues of appeal are exhausted.  See Timken Co. v. United States, 893 F.2d 337, 339 (Fed. Cir. 1990) (holding that "an appealed CIT decision is not a 'final court decision' within the plain meaning of § 1516a(e)"); accord Cemex, S.A. v. United States, No. 04-1058,-1080 at *18 (Fed. Cir. Sept. 28, 2004); Fujitsu Gen. Am., Inc. v. United States, 283 F.3d 1364, 1379 (Fed. Cir. 2002).

The only issue before the court is the duration of the injunction.  The government asserts that an injunction which extends beyond the end of litigation in this court is unnecessary, and that if an opinion is issued which is not in harmony with its administrative determination, administrative suspension will occur.  On the other hand, if the court issues an opinion in harmony with the agency determination, the government states it may commence liquidation despite any rights of appeal.[*]  Of course, plaintiffs may seek an injunction pending appeal, but that would entail further use of attorney and judicial resources.  Presumably, there are no unusual fact scenarios which would make this dispute suitable for the statutory injunction at one judicial level but not the next.

Further, given the recent difficulties in this court with liquidation in violation of court orders, see, e.g., AK Steel Corp. v. United States, 281 F. Supp. 2d 1318 (Ct. Int'l Trade 2003), it seems prudent to attempt to avoid creating any opportunities for error and to bar any liquidation until all litigation is complete.  This disposition is in accord with recent decisions of this court.

---

[*] The court has ruled the government's policy of proceeding with liquidation within the period for appeal unlawful.  Tianjin Mach. Import & Export Corp. v. United States, No. 02-00637, Slip Op. 04-125 at 29–32 (Ct. Int'l Trade Oct. 4, 2004).

See, e.g., PAM, S.p.A. v. United States, No. 04-00082, Slip Op. 04-66 at 11–15 (Ct. Int'l Trade June 10, 2004), SKF USA Inc. v. United States, 316 F. Supp. 2d 1322, 1333–35 (Ct. Int'l Trade 2004), Yancheng Baolong Biochemical Prods. Co., Ltd. v. United States, 277 F. Supp. 2d 1349, 1358–60 (Ct. Int'l Trade 2003). In addition, there is nothing in the statute which limits the court's discretion in fashioning an injunction appropriate to the case and the preliminary injunction law of the various circuits, which might indicate a preliminary injunction terminates with the conclusion of litigation in the trial court, does not apply to the special statutory injunction at issue. The injunction lasts according to its terms, which a court may adjust as it sees fit. See United States v. Swift & Co., 286 U.S. 106, 114 (1932) (courts retain power to modify their injunctions). At this time, the court sees no reason why the fullest possible injunction of liquidation should not be granted.

ACCORDINGLY, plaintiff's proposed order granting an injunction of liquidation until a final and conclusive court decision is reached will be entered.


                                    /s/ Jane A. Restani
                                      Jane A. Restani
                                       Chief Judge


Dated:  New York, New York.

        This 19th day of October, 2004.